JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH(CABN 163973)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

LAURA GWINN (MDBA)
Trial Attorney, United States Department of Justice

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6758
FAX: (415) 436-6753

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. S1-CR-08-0730-WHA |
| | ) | |
| v. | ) | JOINT STATUS MEMORANDUM FOR |
| | ) | INITIAL APPEARANCE |
| IVAN CERNA, et al., | ) | |
| | ) | Date: December 9, 2008 |
| Defendants. | ) | Time: 2:00 p.m. |
| | ) | |
| _____ | ) | |

Introduction

The parties[1] respectfully submit this memorandum to provide a summary of the case and to assist the Court in the scheduling of further dates.  The defense and the Government have been

---

[1]The parties referenced herein consist of the Government and all the defendants party to a Joint Defense Agreement, which includes all the defendants except for Carlos Garrido (#11), represented by Steve G. Kalar, Esq., Jose Alvarado (#15), represented b John Jordan, Esq., and Manuel Franco (#20), represented by Geri Green, Esq.  In addition, Judith Sosa (#23), represented by Ethan Balogh, Esq., is a party to the Joint Defense Agreement but is not joining in this memorandum.

1   meeting to resolve and expedite discovery.  Thus far, the Government has produced more than

2   3,000 pages of documents during its initial phase of discovery.  In order to complete this first

3   phase of discovery, the parties will request, for the reasons set forth below, a 60-day continuance

4   before setting a motion schedule.

5           In addition, because most of the defendants were arraigned only on the original

6   Indictment of October 16, 2008, the parties believe that it will be necessary to re-arraign the

7   defendants again on the Superseding Indictment of November 6, 2008.[2]

8                            Arraignment on the Superseding Indictment

9           The Superseding Indictment made no substantive changes to the original Indictment

10  except to add Count Thirty-Six charging Aristides Carcamo and Rafael Montoya with conspiracy

11  to commit robbery affecting interstate commerce.  Accordingly, the parties would respectfully

12  suggest that, to save time, the Court conduct an abbreviated arraignment pursuant to which: (1)

13  the defendants are advised together that the Grand Jury has returned a new indictment; (2) that

14  aside from the addition of a new count charging only Aristides Carcamo and Rafael Montoya,

15  the new indictment did not affect any of the charges for which the defendants were previously

16  arraigned; and (3) that, absent any objection, the Court will enter not guilty pleas on behalf of all

17  the defendants to the Superseding Indictment.

18                                           Discovery

19          In response to defense counsel's requests for discovery, the Government began providing

20  specific, individualized items of discovery to certain defendants beginning on November 5,

21  2008. The lion's share of the Government's production began on December 2, 2008, when it

22  offered for inspection items in law enforcement custody and provided copies of approximately

23  1,700 pages of documents such as law enforcement reports, photographs, search warrants, and

24  search warrant applications.  The following day, the Government made available (in electronic

25  form) a further production of approximately 1,300 pages of additional material.

26

27          [2]Four defendants — John Lacsamana Briez (#24), Aristides Carcamo (#26), Rafael

28  Montoya (#27), and Rene Montes-Mayorga (#28) — have been arraigned on the Superseding
    Indictment.

The Government will continue to supplement its production regularly. Among other items that are in the process of being produced are approximately 250 audio recordings of unknown total length but which occupy approximately 90 gigabytes of electronic storage, draft transcripts and/or summaries of some of these recordings, telephone records, numerous photographs, and additional law enforcement reports and records.

The parties have agreed that the use of any draft transcripts and/or summaries of recordings that are produced will be limited by the terms of a stipulation between the parties. This stipulation provides, in sum and substance, that any draft transcript or summary produced by the Government to the defense can only be used for the preparation of the defense and cannot be used in any future proceeding for such purposes as impeachment and/or to challenge the accuracy of any final transcript.

In addition, because the parties share concerns about privacy, and because the Government has raised concerns about safety, the parties have been negotiating the terms of a protective order that would limit dissemination of the discovery in this case to the defendants, their attorneys, members of the defense team, and individuals who have executed the protective order, and only for the purpose of defending this matter and any future appeal and/or collateral proceeding arising from this matter. The parties continue to negotiate the terms of this protective order and anticipate filing it with the Court shortly. The terms of the protective order would cover any materials produced to date.

Speedy Trial Date and Future Appearance Before the Court

Thus far, no time has elapsed under the Speedy Trial Act in this case since the filing of the Superseding Indictment. Accordingly, the Speedy Trial Date — assuming no further exclusion of time under the Speedy Trial Act — is Tuesday, February 17, 2009.

The parties believe that effective representation under the Sixth Amendment requires reasonable review of the first phase of discovery before the setting of a motion schedule. Given the number of defendants, the complexity of the charges, the proper dissemination of discovery to clients in order to assist in their defense, and the volume of the evidence, additional time is needed for production of discovery and, more importantly, for the effective review of the

1    discovery materials.

2         The parties have also been discussing possible ways to divide the matter for trial in light

3    of the number of defendants.

4         Accordingly, the parties to this memorandum intend to ask the Court to continue this

5    matter and will jointly ask the Court to exclude time under the Speedy Trial Act until the

6    continuation date.

7
                                        Respectfully submitted,
8
                                        JOSEPH P. RUSSONIELLO
9                                       United States Attorney

10
     Dated: December 8, 2008               /s/   W.S. Leung
11                                      W.S. Wilson Leung
                                        Assistant United States Attorney
12
                                        Laura Gwinn
13                                      Trial Attorney, United States Department of Justice

14

15   Dated: December 8, 2008               /s/   Martin A. Sabelli
                                        Martin A. Sabelli, Esq.
16                                      Counsel for Guillermo Herrera

17

18

19

20

21

22

23

24

25

26

27

28