IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, et al.,<br><br>    Defendants.<br>                                 / | No. CR 08-0730 WHA<br><br>**ORDER RE SFPD'S PRIVILEGE CLAIMS; ORDER RE MOTIONS TO UNSEAL** |

      The San Francisco Police Department filed a motion to quash a Rule 17 subpoena issued on behalf of defendant Moris Flores. A hearing on the motion was held at which counsel for defendant agreed to limit the subpoena to the contents of an SFPD Gang Task Force Alpha File. Counsel indicated that the Alpha File contained 90 percent of what he originally sought. SFPD's objections to the subpoena based on alleged burden were otherwise overruled. At the hearing, however, SFPD also raised various privileges including the *Roviaro* privilege. The Court ordered SFPD to file a motion to assert all objections to the subpoena, including privilege claims and any other objections SFPD may wish to assert (except for burden). It directed SFPD to list, *document-by-document*, what it claims is privileged or confidential and the grounds for the privilege. Defendant was then given an opportunity to respond to SFPD's motion.

      The submissions of both sides have now been received. In its submission the SFPD merely asserts the *Roviaro* and official information privileges generally and provides the Alpha File for *in camera* review. SFPD's privilege claim is **DENIED** without prejudice. By **WEDNESDAY, SEPTEMBER 9, 2009, AT 5:00 P.M.**, SFPD should resubmit for *in camera* review both an unredacted copy and a redacted copy of the Alpha File so that the Court can assess the scope of the privilege claims and SFPD's proposed redactions.

\* \* \*

SFPD also moved to unseal the Flores subpoena. Counsel for defendant Judith Sosa, who attended the hearing on the Flores subpoena, has also filed a motion to unseal the transcript of the hearing. At the hearing, counsel (including counsel for defendant Sosa) were ordered not to disclose the identity of an individual discussed at the hearing, and the hearing transcript was placed under seal.

A prior order dated June 25, 2009, addressed and rejected the issuance of secret, *ex parte* and under seal Rule 17 subpoenas. It ruled that "absent an express gag order, all recipients of subpoenas in this criminal matter may speak with the United States Attorney (or anyone else they wish) about the subpoena, disclose the subpoena itself, and provide a duplicate set of documents" (Dkt. No. 402 at 3). As the order explained, the reasons counsel requested the subpoena in the first place — the work product of the lawyer — will remain under seal, but the subpoena served on the respondent is generally not sealed. This order reiterates that general principle. Nevertheless, in this instance, the motions to unseal must be **DENIED**. Good cause has been shown to seal the proceedings on the Flores subpoena. The grounds for the sealing are set forth in the declaration of counsel Rosenbush and in a prior order dated May 7, 2009. For these reasons, the motions to unseal the June 11, 2009, transcript are denied. The order not to disclose the individual discussed at the hearing remains in force.

**IT IS SO ORDERED**.

Dated: August 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE