IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, et al.,<br><br>Defendants.<br>                                                         / | No. CR 08-0730 WHA<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE FOR DEFENDANTS SOSA, URIAS, AND BRIEZ** |

The final pretrial conference for defendants Judith Sosa, Mauricio Urias and Jonathan Briez was held on January 11, 2010. This order memorializes the rulings at that hearing.

Defendant Urias moved to exclude evidence of his membership in MS-13 pursuant to Rule 404(b) on the grounds that it is irrelevant to the alleged narcotics crimes with which he is being tried in the present trial. The government sought to introduce such evidence for the purpose of providing context to defendant Urias's relationship with the confidential informant who allegedly bought narcotics from defendant Urias in a series of controlled purchases. This order holds that the government may not refer to MS-13 or to "gangs" in its opening statement or in its case-in-chief pending further order to the contrary.

Defendants Urias and Sosa move to exclude or limit the admissibility of co-conspirator statements that the government seeks to use in its case-in-chief pursuant to Rule 801(d)(2)(E). Defendant Sosa's motion to exclude all the statements on the grounds that the government disclosed them several days after the deadline established in the final scheduling order is **DENIED**. A continuance will be granted instead. This will cure any prejudice to defendants as a

result of the late disclosure. Previously scheduled to begin on January 19, 2010, the trial will now begin on **FEBRUARY 1, 2010.**

This order finds that the government has alleged at least two conspiracies at issue in this trial including one conspiracy involving defendants Sosa, Urias, Briez, Douglas Largaespada and possibly others to distribute methamphetamine, and a second conspiracy involving defendants Urias, Largaespada, unindicted co-conspirator David Pacheco and possibly others to distribute cocaine. Some of the co-conspirator statements that the government seeks to introduce pursuant to Rule 801(d)(2)(E) only are applicable to the cocaine conspiracy and therefore are admissible against defendant Urias but not defendant Sosa. These statements will be admitted at trial with an appropriate limiting instruction to the jury. These statements include, for example, the following statements by defendant Urias disclosed by the government pursuant to Local Rule 16-1(c)(4) (Dec. 28 Ballogh Decl. Exh. A at 4):

> In or about the Spring 2006, Urias offered 50 grams of cocaine for [sale], but stated that he could not cook it into cocaine base; he also indicated he could not talk freely at the moment because he was with his girlfriend.
> . . . .
> In or about Spring 2006, Urias stated that his cocaine was of excellent quality, and advised witness that sales can be lucrative.

At the pretrial conference, the government pursuant to Local Rule 16-1(c)(4) proffered a sufficiently detailed summary of evidence which if proven at trial would establish the admissibility of statements regarding the methamphetamine conspiracy against defendant Sosa.

Defendants Sosa and Urias moved to exclude a statement by David Pacheco that the government seeks to introduce that "[i]n or about Spring 2006, Pacheco stated that his cocaine was of excellent quality, and advised witness that sales can be lucrative" (Dec. 28 Ballogh Decl. Exh. A at 4). Defendants Sosa and Urias argued that the government failed to sufficiently show as a preliminary fact for purposes of Local Rule 16-1(c)(4) that Mr. Pacheco was a participant in the conspiracy. This order defers ruling on the admissibility of this statement until the evidence is further developed at trial. Pending further ruling, the government is ordered not to refer to this statement to the jury.

The government agreed not to offer two statements it had sought to introduce pursuant to Rule 801(d)(2)(E) by Douglas Largaespada (Dec. 28 Ballogh Decl. Exh. A at 5) including:

> In or about Summer 2006, Largaespada advised witness that Mauricio Urias and David Pacheco had large quantity of cocaine in an apartment and were packaging the cocaine for distribution.

\* \* \*

> In or about Summer 2006, Largaespada explained to witness that witness's calls to David Pacheco may have gone unanswered because Pacheco rarely answers telephone and prefers to do business in person.

Defendant Urias moved to exclude evidence relating to a water bottle found near where he was arrested in Alameda in connection with the present action. The water bottle contained a secret compartment in which was stored cocaine. The government argued that its witness would testify that defendant Urias had used a water bottle with a secret compartment for the purpose of hiding cocaine and that the location of the bottle (found near defendant but not on his person) might affect the weight the jury would give to the evidence but not its admissibility. This order defers ruling on the admissibility of evidence relating to this water bottle. Pending further ruling, the government is ordered not to refer to the water bottle to the jury.

Defendants and the government stipulate to defendant Sosa's motion in limine to preclude submission of the indictment to the jury. Defendants and the government are ordered to meet and confer and submit a joint statement clearly describing the charges against defendants for presentation to the jury by **NOON ON FRIDAY, JANUARY 15, 2010**.

Defendant Sosa moved to preclude the government from offering exhibits or presenting witnesses that have not been timely disclosed in accordance with the final scheduling order in this action. The government conceded that it was late but asserted that its failure to meet its obligations under the scheduling order was not intentional or committed in bad faith. The government has been admonished several times in this action that it must meet its deadlines. Its repeated failures to do so are unacceptable. This order nevertheless holds that preclusion would be a disproportionately severe remedy under these circumstances. Instead, as noted above, a

continuance will be granted to cure any prejudice to defendants due to the government's tardiness.

Defendant Sosa moved to preclude the government from introducing pursuant to Rule 404(b) evidence that she was a member of another gang, the 11th Street Sureños, on the grounds that such evidence is irrelevant to the narcotics charges against her. This order holds that the government may not refer to defendant Sosa's membership in the 11th Street Sureños absent a further order granting permission to do so.

Defendant Sosa moved to preclude the presentation to the jury of any transcripts of conversations recorded in English. She argued that this was especially true for those transcripts prepared by the government where the accuracy of the transcripts was disputed by defendants. The government seeks to introduce eleven recordings against defendant Sosa. The parties are ordered to meet and confer regarding the extent to which they dispute the accuracy of their respective transcripts of these eleven recordings. To the extent that they cannot agree, the disputed transcripts must be submitted to the undersigned for advance review. If a reasonable jury could find that both transcripts are reasonable interpretations of the recordings, both shall be presented to the jury. To the extent that no reasonable jury could find that a particular transcript accurately reflects a recorded conversation, that transcript shall not be presented to the jury. The submission must be made by **NOON** on the last court day before trial, **JANUARY 29, 2010.**

Defendant Sosa moved to exclude three documents seized by federal agents pursuant to a search of defendant Sosa's residence including a receipt issued by the County of San Mateo, Revenue Services, to defendant Urias on April 3, 2006, and two letters purportedly written to defendant Sosa by Rodrigo Molina, a co-defendant in this action. This order holds that the government may not refer to the letters by defendant Molina absent a further order granting permission to do so. Defendant Sosa's motion regarding the receipt is **DENIED**. It is admissible to show that defendants Sosa and Urias knew each other.

Defendant Sosa moved to preclude the government from making any reference to her minor children's presence at one of the drug sales in which she is alleged to have participated.

4

1  This order defers ruling on this motion with regards to the government's case-in-chief. The
2  government is ordered not to refer in its opening statement to the children's presence at the
3  alleged drug sale. Please provide the Court by **NOON** on the last court day before trial,
4  **JANUARY 29, 2010**, with the evidence showing defendant Sosa made one or more of the
5  children part of the transactions by having one of them communicate a phone number.

6  At **9:00 A.M. ON WEDNESDAY, JANUARY 13, 2010**, an evidentiary hearing will be held.
*First*, the government is ordered to present an agent qualified to testify regarding the transcription and translation of the audio recordings of telephone calls and body-wires at issue in this action and in particular regarding the existence of any audio recordings that have not been produced by the government to defendants and do not appear on the government's index and any audio files that have been produced by the government to defendants but for which speakers have not been identified by the government. *Second*, the government is ordered to produce one of its expert witnesses, Scott Rienhardt, who will testify regarding his anticipated testimony. *Third*, the government is ordered to produce Special Agent Christopher Merendino who will testify regarding the telephone call on October 15, 2008, between defendant Urias and confidential informant CS-2, and the preparation of paragraph 40 of the search warrant affidavit of October 20, 2008. For the reasons stated in the government's sealed, *ex parte* submission, the examination of CS-2 will be postponed to a later date, if needed at all.

The government has filed a request (Dkt. No. 1107) for reconsideration of the order granting defendant Urias's motion for an evidentiary hearing. That order held that defendant Urias made a substantial showing that Agent Merendino or CS-2 intentionally or recklessly omitted or mischaracterized the facts in the affidavit in support of the October 20 search warrant, given the apparently substantial gap between the defense translation of a recorded October 15 telephone call between defendant Urias and CS-2 and the affidavit's description of the call. The government now argues that defendant Urias's translation is not inconsistent with the affidavit's description because the conversation between defendant Urias and CS-2 was spoken in "coded words for fear of being monitored" (Govt. Br. at 4). This indeed may explain the noted gap between the defense translation and the affidavit, but that is a matter to be

5

determined at the evidentiary hearing. Defendant Urias's explanation on its face is also plausible enough to make a substantial preliminary showing that the affidavit contained reckless or deliberate falsities. The government's request for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE